FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

2005 OCT 31 PM 6: 58

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X<br>X<br>X | |
| Plaintiff, | X<br>X | |
| vs. | X<br>X | Cr. No. 99-20061-Ml |
| MARTILUS PATTON, | X<br>X | |
| Defendant. | X<br>X | |

---

ORDER DENYING MOTION FOR JAIL CREDIT

---

Defendant, Martilus Patton, prison registration number 16875-076, an inmate at the Federal Correctional Institution ("FCI") in Talladega Alabama, has written a letter which has been filed in this closed criminal case requesting jail credit for time spent in custody for the period April 26, 1999, through January 18, 2000.

A federal grand jury named Patton and three co-defendants in a seven-count indictment charging him with the following: armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count One); confining a victim during a bank robbery, in violation of 18 U.S.C. § 2113(e) (Count Two); carrying and using a firearm during and in relation to a bank robbery, in violation of 18 U.S.C. § 922(j) (Count Three); and possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count Four). On July 19, 1999, Patton pled guilty to Counts One, Two, and Three. At the sentencing hearing held on October 5, 1999, Patton received an obstruction of justice enhancement for an attempted escape while awaiting questioning which precluded an acceptance of responsibility reduction.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 11-01-05

155

However, the Court granted the Government's motion for a downward departure based upon Patton's substantial assistance in the investigation and prosecution of this criminal case. The Court sentenced Patton to a total sentence of fourteen years imprisonment: nine years imprisonment on Counts One and Two, to be served concurrently, and five years imprisonment on Count Three, to be served consecutively to the term for Counts One and Two. The Court entered its judgment on October 5, 1999. On direct appeal, the Sixth Circuit determined that the Court erred in denying the reduction for acceptance of responsibility and remanded the case for resentencing. United States v. Patton, 14 Fed. Appx. 450, 451-52 (6th Cir. July 5, 2001). On October 2, 2001, Patton was resentenced to six years imprisonment on Counts One and Two, to be served concurrently with each other, and five years imprisonment on Count Three, to be served consecutively to the terms for Counts One and Two. The Court entered its judgment on October 2, 2001. Patton did not appeal.

Patton alleges that he was sentenced in state court on October 25, 1999, for a probation violation. He further alleges that although the state court judge ordered that the remainder of his state sentence run concurrently with the previously imposed federal sentence in this case, he was returned to state prison for eighty-four days. He alleges that he was returned to federal custody on January 19, 2000. Patton contends that he has not received credit towards any sentence for the period April 26, 1999, through January 19, 2000.

2

The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the Board of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996).

Patton attached a copy of a letter to the Records Office Inmate Systems Manager at FCI Talladega as an exhibit to this letter. However, Patton must exhaust his administrative remedies through the BOP before he may petition the district court to review

an administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, C.F.R. §§ 542.10-542.16 (1997), and, only after he has exhausted all administrative remedies, may he then seek judicial relief pursuant to 28 U.S.§ 2241. See Wilson, 503 U.S. at 335; McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).[1]

Thus, exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation. The exhibit to the complaint does not demonstrate that Patton has exhausted his administrative remedies with the BOP as required. Therefore, the Court has no jurisdiction over his claim for jail credit. Wilson, 503 U.S. at 333; United States v. Westmoreland, 974 F.2d 736, 737-38; see also Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987); Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981).

Patton's motion is DENIED without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.

As no reasonable jurist could disagree that this Court is without jurisdiction to award jail credit, it is CERTIFIED pursuant

---

[1]   Habeas corpus is the remedy for a federal prisoner who is raising issues that challenge the execution of his sentence. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).

4

to Fed. R. App. 24(a) that any appeal in this matter by defendant would not be taken in good faith.


IT IS SO ORDERED this ___31___ day of October, 2005.


JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 155 in
case 2:99-CR-20061 was distributed by fax, mail, or direct printing on
November 1, 2005 to the parties listed.

---

Martilus Patton
FCI
PMB 1000
Unit Delta-B
Talladega, AL 35160

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT